Our final case of the morning is Torrijos-Zamora v. Bondi. Good morning. May it please the court, Kiyab... Ms. Osuna. May it please the court, my name is Kiyab Osuna and I represent Petitioner Apple and Mr. Ismael Torrijos-Zamora in this appeal. Mr. Torrijos-Zamora seeks a remand to the Immigration Court as the immigration judge's decision, as affirmed and supplemented by the Board of Immigration Appeals, fell to one, apply the mixed or dual motive analysis standard when determining whether he was eligible for asylum and withholding or removal, and two, consider the substantial evidence in the record, including the country conditions of Mexico, which would support a grant under the Convention Against Torture. In beginning with the failure to consider the dual motive analysis and that his political opinion was one central reason, the immigration judge failed to consider the one central reason standard. Generally, to be asylum eligible, an individual must show that his persecution that he suffered on account of his protected ground and that the ground will be one central reason for persecution. What evidence is there in the record to show that your client was targeted because of his political opinion? Even he testified that they were, quote, taking the local boys away from the gang, and that's what he had been told. He does mention that, but he also does testify that part of his activities that he was doing in his town during this time was that he was organizing community meetings, talking about voting, voting against the party that had been in power for, I believe, eight decades at this time. But what evidence is there? I know he talked about activities he did, but what evidence do you have to connect that to the activities? What's your nexus evidence? Well, even though they might have told him that you're getting in the way of our recruiting of individuals, it's also an imputed political opinion that they're putting on him, that based on these activities that he's taking a part of, he is going against their recruiting of these individuals. And because the country conditions provided shows that these huichacoleros are throughout Mexico, that he is impeding on their control that they have over Mexico. Their de facto control that they have in the country as a gang and as a designated terrorist organization. So those country conditions combined with his work that he was doing in the community and... But you're missing a link there. You're missing evidence that they were motivated at targeting him because of his political activities, by his own testimony. I think that's where we would focus that the judge failed to do that analysis as well. That he didn't give the opportunity to explore that connection and that motive. He merely suggested that it was just criminal retaliation without going into the analysis that it might have been a political motivation as well. The board as well must provide this reasoned analysis of evidence presented. Mohideen in the Seventh Circuit states that the board cannot just ignore this mixed motive analysis by declaring there's a single motive of criminal enterprise or criminal motivation and ignoring the evidence presented. Again, the judge does note in his decision that there was a clear political activity meeting with his community members. And that alone should have triggered the analysis for the one central reason, as the judge did there was political activity. He does talk about... The immigration judge also mentions that Mr. Torrijos Zamora mentioned improving community relations and testified that there was no improvement. Mr. Zamora does testify that there was no improvement in his community because of the corruption that these Huichol letters had brought upon the politics. And that these political parties that had been in power for decades was corrupt, leading to... Which means that these politics and this community improvement in his community was political. This was not a minor role. The political activity was not a minor role. He was involved in local politics. And while they may have been... The Huichol letters may have been motivated by this criminal retaliation, the protected ground was still a central reason that should have been discussed. Under the standard that we're reviewing this, though, the substantial evidence standard and what the statute says about that, doesn't the evidence have to just compel the view that you're advocating for here? I mean, I understand your argument perfectly well, but it also seems to me that you can view the evidence as insufficient on the nexus or connection ground. And it might be that... That's where the standard of review enters the picture. It might be that the judge could have, with the evidence, have felt that it did not compel, but he did not even do the analysis. And so that failure of the analysis is what Mr. Torrijos Zamora was denied. He was denied this opportunity to be asked questions or further develop that. And again, the board did not do this reasoned analysis, just saying that it was not on a protected ground. It was just a criminal retaliation. Additionally, I will note that the second issue regarding the failure to consider the substantial evidence regarding his fear of torture if he returned to Mexico was ignored here. Again, ignoring the country conditions. He must show that there's a substantial risk of torture if he returns to his country with an acquiescence of a state act during Mexico. Again, the country conditions that were included, human rights reports, travel advisory, congressional... What in the evidence suggests that he would be tortured more likely than not? Excuse me, Your Honor? What in the evidence suggests that he would be tortured more likely than not? That's the standard. Yes. Under the CAT. He mentions that these huichapoleros are throughout Mexico, that they are... And the immigration judge acknowledges this as well, that they are throughout Mexico, but just the fact that they are connected and that they are these designated terrorist organizations... More likely than not implies that more than half of the people in Mexico are tortured. Is there any evidence of that? He does provide our country conditions to establish that these organizations do establish this control in their territories by harming individuals, beating, torturing... Yes, that happens on the streets of Chicago as well, but I'm asking about probabilities. I don't... My understanding is that the probability of this happening in Mexico is higher than in Chicago, and that is why these congressional research services were included in there, to show that... I must say, I don't even see an argument in your brief that the more likely than not standard is met. Am I missing something? Again, we focus on the substantial evidence that was ignored completely. There was no dealing with the evidence and the arguments that were presented by these country conditions report. As I was saying before, I know you want to save some rebuttal time. I just have a question about where we're at in the administrative proceedings. There was a motion to reopen that was filed. Do you know what I'm talking about? Yes, Your Honor. What's the status of that? That is still pending before the Board of Immigration Appeals. He was the... He was subject to harm under the Violence Against Women Act as the victim of abuse by his U.S. citizen spouse. We submitted a number of evidence for that, so that's still pending before the Board of Immigration Appeals to remand as additional evidence. So is there sufficient... I mean, ordinarily these things all come to us as one package when there's complete finality at the administrative level. Is that a problem here? Your Honor, we moved for an abeyance in order to allow that to do a finality. If there's not a decision on that, then there would have to be another appeal to come up to the court. But this court did deny the motion to seek an abeyance. All right. I will reserve further time. Thank you. Assertion of counsel. Ms. Arthur. Good morning, Your Honors. May it please the court. Ashley Arthur for the Attorney General. Please excuse my congestion and inevitable cough. I'm covering for a cold. As long as you have your mask on, you're going to need to talk more loudly. Okay. The petition for review should be denied for two reasons. First, substantial evidence supports the agency's no-nexus finding. And two, substantial evidence supports the agency's denial of cap protection. With regard to nexus, petitioner has identified no evidence that can compel his conclusion that these criminals are motivated by protected ground. He did testify that these criminals threatened him because he was basically taking away the pool of boys that these criminals relied on to carry out their illicit activities. He did explain and testify to the fact that these criminals primarily deal in fuel theft. And he testified that they, quote, they felt he was taking away their local boys, end quote. And crime and financial motive are not sufficient for a nexus finding. At the bottom of this case, there is no evidence that compels that conclusion. That is not the motive for these criminals here. With respect to petitioner's argument that the agency did not adequately consider the claims, there's more than enough here to show that the agency thought and considered the arguments and evidence. The board addressed the arguments made in the BIA appeal, cited the petitioner's arguments. The board discussed the IJ's findings and cited the IJ decision. And we all know that Jesus is not required on every contention or piece of evidence. As for petitioner's reliance on the Mohideen case, that case is distinguishable because there was evidence of mixed motive. In that case, the petitioner was on his way to a mosque to pray, and a militant group targeted him. And they also called him a, quote, rich Muslim, end quote. Here, there's nothing that even suggests that these criminals cared about protected ground. So that case is hardly similar. That is not the issue here. If there are no questions on nexus, I'll briefly address CAT. Substantial evidence also supports the denial of CAT. The IJ found that petitioner is fully capable of living elsewhere in Mexico. And petitioner's reply brief, he emphasizes that the police harassed him and stopped him at these checkpoints five or eight times. But they never harmed him. They also never mentioned anything about the fuel thieves. And that does not compel the conclusion. Again, petitioner identifies no evidence that compels the conclusion that he'll be tortured in Mexico by anyone. And really, if there is no further questions, I will conclude. The court should deny the petition for review because the record does not compel reversal, which is a standard petitioner must meet here today. Thank you for inviting me. Thank you, counsel. Anything further, Ms. Osuna? Regarding the first issue, I will note that respondents cite to Ferreira Vibar, but for the wrong assertion. This case does not mean that if the immigration judge determined there was no nexus between a protected ground, then the persecution analysis ends. Just that the evidence must show that the protected ground is motivation for persecution. Again, I will repeat that here. The immigration judge failed to even include that analysis of mixed motive. In regards to the claim for Katz, the immigration judge focused where Mr. Torrijos Zamora lived. But again, noting that there were groups of huichacoleros throughout the country, but not that they were connected. Again, ignoring evidence from country conditions that this corruption in the country of Mexico allows these groups to operate throughout the country. Again, the travel warnings included show that it's unsafe to travel to other countries, showing here that the internal relocation for Mr. Torrijos Zamora would be untenable in this situation. For those reasons, we would ask to find that the decision was deficient and to remand to the immigration court. Thank you very much. Thank you very much. The case is taken under advisement and the court will be in recess.